## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| STEPHAN D. COOK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN AAGARD, a Sanpete County Sheriff's Deputy, CHAD HUFF, a Police Officer with the City of Fountain Green, STAN ANDERSON, an Ephraim City Police Officer, SANPETE COUNTY, SANPETE VALLEY HOSPITAL, FOUNTAIN GREEN CITY, and EPHRAIM CITY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS**<br><br>Case No. 2:12cv00157<br><br>Judge David Nuffer |

On June 18, 2012, Defendants Stan Anderson and Ephraim City filed a Motion for

Summary Judgment and supporting memorandum (docket nos. 35 and 36).  On July 10, 2012,

Defendants Justin Aagard, Chad Huff, and Sanpete County filed a motion for joinder in Officer

Anderson's and Ephraim City's motion for summary judgment (docket no. 44).  On July 19,

2012, Plaintiff Stephan Cook filed a memorandum in opposition to summary judgment (docket

no. 50).  On August 8, 2012, Mr. Cook filed a response to Aagard, Huff, and Sanpete County's

motion for joinder stating he did not object to joinder in the motion for summary judgment

(docket no. 53).  On August 10, 2012, Defendant Sanpete Valley Hospital filed a motion for

joinder in Officer Anderson's and Ephraim City's motion for summary judgment, asking the

court to apply the arguments, logic and supporting documents of the summary judgment motion

to Sanpete Valley Hospital (docket no. 55).  On August 20, 2012, Officer Anderson and Ephraim

City filed a reply memorandum in support of their motion for summary judgment (docket no. 57).  On September 28, 2012, the Court heard oral argument on the motion for summary judgment.

Having reviewed the submissions and heard oral argument, the court (1) GRANTS Defendants Aagard, Huff, and Sanpete County's motion for joinder, (2) GRANTS Defendant Sanpete Valley Hospital's motion for joinder, and  (3) GRANTS Defendants Anderson, Ephraim City, Aagard, Huff, Sanpete County and Sanpete Valley Hospital's motion for summary judgment.[1]

## FINDINGS OF FACT

1.      On March 4, 2008, Mr. Cook was charged with two counts of Possession of Less than 1 Ounce of Marijuana (U.C.A. § 58-37-8(2)(D)), one count of Possession of Drug Paraphernalia (U.C.A. § 58-37A-5), and one count of Interfering with a Legal Arrest (U.C.A. § 76-8-305) in Sanpete County Justice Court.  *See* Sixth District Court File, at 3, Exh. B of Memo. in Supp. of Mot. Summ. Judg. (docket no. 36).

2.      On April 4, 2008, Mr. Cook filed a Motion to Suppress.  *See id.*, at 23-24.

3.      On September 2, 2008, Mr. Cook filed a Motion to Dismiss.  *See id.*, at 38-39.

4.      On November 14, 2008, Mr. Cook filed a Memorandum in Support of his Motion to Dismiss and his Motion to Suppress.  *See id.*, at 42-53.

5.      On November 17, 2008, the Sanpete County Justice Court held a hearing on Mr. Cook's Motion to Dismiss and his Motion to Suppress.  *See id.*, at 10.

---

[1] In addition to its joinder in the arguments made by Defendants Anderson and Ephraim City, Defendant Sanpete Valley Hospital also sought summary judgment on grounds that it did not act under the color of state law.  Plaintiff Cook opposed this independent ground both on the merits and by filing a Rule 56(d) motion to continue (docket no. 60).  Based on its ruling in this order, the court does not need to decide Sanpete Valley Hospital's argument concerning whether it acted under color of state law.  Mr. Cook's Rule 56(d) motion is therefore moot.

6.      On December 11, 2008, Judge Sara Watson issued an Order granting Mr. Cook's

Motion to Dismiss and denying his Motion to Suppress.  *See id.*, at 67.

7.      On December 12, 2008, Mr. Cook and the State jointly filed a Notice of Appeal of

the Justice Court's order and Mr. Cook's criminal case was transferred to the Sixth District Court

for the District of Utah.  *See id.*, at 1-2.

8.      On April 4, 2009, Mr. Cook filed a Motion to Dismiss and to Suppress the

Evidence ("Motion to Dismiss/Suppress") with Utah's Sixth District Court "because Deputy

Aagard did not have sufficient probable cause to arrest Cook" and "because Deputy Aagard

omitted material information – namely the fact that Cook was not impaired and Deputy Aagard

allowed him to drive the vehicle – from the affidavit, rendering it void for lack of probable

cause."  *See id.*, at 84.

9.      In his supporting memorandum, Mr. Cook argued:

> The facts in this case reveal that Deputy Aagard did not have probable cause to
> believe that Cook was in possession of a controlled substance.  There is little
> evidence to support a showing of probable cause that Cook, rather than the other
> three occupants of the vehicle, committed this offense.  Based on Deputy
> Aagard's report and affidavit, it appears that he relied on four facts in his probable
> cause determination: (1) the odor of marijuana in the air outside Barlow's vehicle,
> (2) the odor of marijuana inside Barlow's vehicle, (3) Cook's presence in
> Barlow's vehicle, and (4) the presence of a pipe containing marijuana residue in
> the trunk of Barlow's vehicle.  Cook was not the owner of the vehicle, and
> Deputy Aagard's frisk of Cook did not yield any evidence of an offense.

*Id.*, at 85.

10.     On April 8, 2009, Utah District Court Judge Wallace Lee held an evidentiary

hearing on Mr. Cook's Motion to Dismiss/Suppress.  *See* Transcript of Evidentiary Hearing on

Motion to Dismiss/Suppress, Exh. A of Memo. in Supp. of Mot. Summ. Judg. (docket no. 36).

Mr Cook admits that the state court held an evidentiary hearing, however, he "[d]en[ies] any

implication that this hearing constitutes a full-and-fair litigation under collateral estoppel

doctrine analysis."  Memo. in Opp., at 10 (docket no. 50).  The court finds that Mr. Cook's

"denial" is a legal conclusion, not evidence placing the asserted fact in dispute.

   11.  Mr. Cook attended the evidentiary hearing on his Motion to Dismiss/Suppress and

heard Officer Aagard's testimony regarding the events surrounding his arrest and subsequent

catheterization:

> Q: And do you recognize – would you recognize, if you saw a person named
> Stephan Cook if you saw him again?
> A: Yes.
> Q: Is he in the courtroom today?
> A: Yes.
> Q: Where is he at?
> A: At the defense table, there, sir.

Transcript of Evidentiary Hearing on Motion to Dismiss/Suppress, at 10, Exh. A of

Memo. in Supp. of Mot. Summ. Judg. (docket no. 36).  Mr. Cook concedes that he

attended the evidentiary hearing on his Motion to Dismiss/Suppress.

   12.  Mr. Cook chose not to testify at the evidentiary hearing, and he did not present

any evidence disputing Officer Aagard's testimony regarding the search of the vehicle, Mr.

Cook's arrest, the bodily fluids warrant, and Mr. Cook's request to be catheterized:

> The Court: Mr. Keisel, other witnesses for the State?
> Mr. Keisel: No.  No, your honor.
> The Court: Thank you.  Mr. McCaughey [Mr. Cook's counsel], do you wish to
> present evidence?
> Mr. McCaughey: No, your honor.

*Id.*, at 23.  Mr. Cook admits that he did not testify at the evidentiary hearing and that he

did not call any witnesses at that hearing.

   13.  Following the receipt of evidence, the court heard argument on Mr. Cook's

Motion to Dismiss/Suppress from the State and Mr. Cook's counsel.  Mr. Cook's counsel argued,

in part:

Your Honor, there are two issues, of course, and – but I think they both really go back to probable cause, the warrant dealing without the information and – but what we're really talking about is probable cause. And I'm not trying to second guess the officer, he did what officers do when they're trying to take care of business, but – and the officer was very candid with what he has; there's an odor of alcohol – or excuse me, an odor of marijuana coming from the car. He searches – and he has the kids get out of the car, five – four or five kids, he searches my client, finds nothing on him, he – he doesn't see any indicia of use of marijuana, no symptoms of marijuana, no admissions of use of marijuana. He doesn't remember where my client was seated, so he doesn't remember him being in the back seat, so whether or not he had access to that – to that pipe, maybe he did, maybe he didn't.

But then the officer testifies that he doesn't think that he was impaired; in other words, he didn't see any indication that he'd smoked marijuana to be impaired and he also stated that – candidly, that he didn't believe he used marijuana, because he let him go ahead and drive the car to the police station with those other three – three kids in there.

So what we have here is – and then he said, I wanted to get a search warrant to see if there was something in his blood. Well, that's fine, but in order to do that, in order to arrest him and although the officer testified he wasn't under arrest, I think he clearly was when he told him to drive that car to the station and the officer said he wasn't free to go; when you arrest somebody or when you get a search warrant, you have to be able to point to specific facts that give you reason to believe that – that Mr. Cook violated the law.

And what I'm saying here is, there are no facts here that point to Mr. Cook as violating the law. All we have is – the odor of marijuana coming from a car and a pipe that was found, we assume that it was used to smoke marijuana, there's been on evidence of it, but a pipe that was located in the trunk. None of that ties to Mr. Cook.

*Id.*, at 28-30. Mr. Cook admits that his counsel "argued as indicated." Memo. in Opp., at

12 (docket no. 50). However, Mr. Cook attempts to deny that the issue before the trial

court should be characterized as "probable cause" for purposes of issue preclusion. The

court finds that Mr. Cook's denial of this fact fails because (1) Mr. Cook's briefing and

his then counsel's argument demonstrated that probable cause was at issue, (2) Mr. Cook

submits no admissible evidence placing his briefing and his counsel's testimony at the

evidentiary hearing in dispute, and (3) Mr. Cook's denial constitutes legal argument, not

evidence placing the fact in controversy.

14.     After hearing oral argument, the state court denied Mr. Cook's Motion to

Dismiss/Suppress, ruling:

> I guess I'm persuaded by what the County Attorney said, that there's a difference between impairment and possession and this is not a case about impairment, but about possession.  And I'm not going to find in the totality of the circumstances that the omission of that, the fact of him driving and the officer not believing that he – at that time, not knowing that he was impaired or believing that he was impaired, I don't think that really changes the whole totality of the circumstances here nor lessens the officer's ability to ask for a search warrant.

> **Not concerned about the catheterization because today, I've heard uncontroverted testimony that the defendant asked to be catheterized.**  I'm concerned about catheters, I'll tell law enforcement right now, I think based on the Tenth Circuit case that comes – grew out of a case in this District, **there's reason to be concerned about catheters, but the testimony in this case is that the defendant requested it, so that doesn't cause me concern about the validity of the search warrant.**

> Those are my reasons, Mr. McCaughey, and I – I just believe there's enough here in the totality of the circumstances to justify the warrant, so the motion to suppress is denied, the motion to dismiss is denied, and probably at this point, we need to schedule the case for trial.

Transcript of Evidentiary Hearing on Motion to Dismiss/Suppress, at 35-36, Exh. A of

Memo. in Supp. of Mot. Summ. Judg. (docket no. 36).  Mr. Cook concedes that the

"court denied the motion" and "that this is a portion of the trial court's ruling."  Memo. in

Opp., at 12 (docket no. 50).  However, Mr. Cook again attempts to deny this fact,

contending that the issue before the trial court should not be characterized as "probable

cause" for purposes of issue preclusion.  The court finds that Mr. Cook's denial of this

fact fails because (1) Mr. Cook submits no admissible evidence placing the state court's

ruling at the evidentiary hearing on his Motion to Dismiss/Suppress in dispute, and (2)

Mr. Cook's denial constitutes legal argument, not evidence placing the fact in

controversy.

      15.     On June 3, 2009, Judge Lee issued the following Findings and Order

memorializing his ruling denying Mr. Cook's Motion to Dismiss/Suppress:

> The above-matter came before the Sixth District Court for an evidentiary Hearing with Oral Arguments on April 8, 2009.  Defendant Stephan Cook was personally present and was represented by his attorney, Stephen R. McCaughey. Brody L. Keisel, Deputy Sanpete County Attorney represented the State of Utah. The Court, having heard evidence now enters the following findings and order:
>
> 1.  On March 3, 2008, Deputy Justin Aagard ("Aagard") was dispatched to a location in Ephraim, Utah.
>
> 2.  Upon arriving at the location, Aagard observed a vehicle that had multiple people inside it, including Mr. Cook.
>
> 3.  Aagard approached the vehicle.  In the process, Aagard smelled the strong odor of marijuana.
>
> 4.  Eventually, Aagard looked inside the vehicle and located a pipe with residue upon it.
>
> 5.  Aagard questioned the passengers of the vehicle concerning ownership of the pipe, but none of them would admit it was theirs.
>
> 6.  The residue tested was tested and the test indicated positive for marijuana.
>
> 7.  Aagard asked the occupants of the vehicle, then sought and obtained a bodily fluid search warrant for the occupants.
>
> 8.  Aagard retained all occupants of the vehicle, then sought and obtained a body fluid search warrant for the occupants.
>
> 9.  None of the occupants, including Mr. Cook, were specifically tied to the drug; rather, all passengers were all sort of equally tied to the drug by the odor and the paraphernalia.
>
> 10.  Aagard allowed Mr. Cook to drive the vehicle to the Ephraim City Police department, which was not included in the search warrant affidavit, but does not have changed the totality of the circumstances analysis since the case before this court is based on possession of marijuana, not impairment.  Such a fact does not lessen the deputy's ability to ask for a search warrant.

11.  The claim that Mr. Cook was catheterized to obtain a urine sample is not concerning, because evidence is before this Court that Mr. Cook himself in fact asked to be catheterized at Sanpete Valley Hospital.

THEREFORE, in summary, the Court finds there is sufficient evidence, pursuant to the totality of the circumstances test, to justify the warrant.  It is ORDERED that Defendant's Motion to Suppress is denied and the Motion to Dismiss is denied.

Findings and Order, at Sixth District Court File, at 104-106, Exh. B of Memo. in Supp. of Mot. Summ. Judg. (docket no. 36).  Mr. Cook admits this fact.

16.     Mr. Cook chose not to appeal the Utah District Court's denial of his Motion to Dismiss/Suppress.  Mr. Cook admits this fact.

17.     Rather than appeal the state court's ruling, on September 8, 2009, Mr. Cook submitted an Affidavit of a Plea in Abeyance in which he "admitt[ed] that on or about March 7th, 2008, he did knowingly and willingly possess marijuana in violation of Utah Code Annotated § 58-37-8."  Stephan Cook Affidavit of Plea in Abeyance, ¶ 2, Sixth District File, at 115, Exh. B of Memo. in Supp. of Mot. Summ. Judg. (docket no. 36).  Mr. Cook admits this fact.

18.     In entering his Plea in Abeyance, Mr. Cook waived his "right to appeal any errors committed during the course of the trial."  *Id.*  Mr. Cook admits that this was part of his plea agreement.

19.     On October 14, 2009, the Court accepted Mr. Cook's Plea in Abeyance and entered an Order requiring Mr. Cook to abide by all of the terms set forth in his Affidavit of Plea in Abeyance.  *See id.*, at 123-124.  Mr. Cook admits this fact.

20.     On April 12, 2009, the Court entered an Amended Order and Dismissal of Case ordering, "Based on the stipulation of the parties as shown by signatures below, it is hereby, ORDERED that the plea in abeyance fee is changed to $499.00.  That amount having been paid

and the rest of the conditions having been met, the defendant's plea of guilty is withdrawn and this case is dismissed." *Id.*, at 140-141.  Mr. Cook admits this fact.

21.      On February 7, 2012, Plaintiff filed the Complaint that is the subject of this lawsuit, alleging that his arrest and catheterization constituted (1) an unlawful search and seizure, (2) an illegal detention and arrest, (3) a use of excessive force, (4) a violation of the right to receive Miranda warnings, (5) a failure to intervene, (6) a failure to train and supervise, (7) a violation of procedural due process, and (8) a violation of substantive due process.

## CONCLUSIONS OF LAW

Defendants Cook, Aagard, Huff, Ephraim City, Sanpete County, and Sanpete Valley Hospital have moved for summary judgment on the grounds that Mr. Cook's claims are barred by the doctrines of issue preclusion and judicial estoppel.  For the reasons set forth below, the Court finds that Mr. Cook's claims are not barred by the doctrine of judicial estoppel, but are barred by the doctrine of issue preclusion.

### I.      MR. COOK'S CLAIMS ARE NOT BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL.

The doctrine of judicial estoppel provides that "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005).  The Tenth Circuit "applies the doctrine "both narrowly and cautiously"."  *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011) (citations omitted).

Three requirements must be met for judicial estoppel to apply.  "First, a party's later position must be clearly inconsistent with its earlier position."  *Johnson*, 405 F.3d at 1069

(internal quotations omitted).  "Second, whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled."  *Id.* (internal quotations omitted).  "Third, whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Id.* (internal quotations omitted).

The court finds that Mr. Cook's claims are not barred by judicial estoppel because the first element has not been satisfied.  Mr. Cook has not taken a position in this litigation that is clearly inconsistent with a position he took in the underlying criminal litigation.  In his Affidavit of Plea in Abeyance, Mr. Cook "admit[ed] that on or about March 7th, 2008, he did knowingly and willingly possess marijuana in violation of Utah Code Annotated § 58-37-8."  Finding of Fact No. 17.  This is not clearly inconsistent with the position Mr. Cook has taken in this lawsuit that there was no probable cause for the search of his vehicle, his arrest, and his catheterization and, therefore, these actions were unconstitutional.

Defendants argue that Mr. Cook's position that he waived his "right to appeal any errors committed during the course of the trial" in his Affidavit of Plea in Abeyance is clearly inconsistent with his position in this case.  However, the Tenth Circuit has ruled that "the position to be estopped must generally be one of fact rather than of law or legal theory."  *Johnson*, 405 F.3d at 1069.  The court finds that Mr. Cook's waiver of his right to appeal in his criminal proceeding is not clearly inconsistent with his claims in this lawsuit.  Because the court finds that Mr. Cook has not taken a position that is 'clearly inconsistent' with a position he took in his underlying criminal proceeding, judicial estoppel does not apply.

## II.     MR. COOK'S CLAIMS ARE BARRED BY THE DOCTRINE OF ISSUE PRECLUSION.

Although Mr. Cook's claims are not barred by the doctrine of judicial estoppel, the court finds that Mr. Cook's claims are barred by the doctrine of issue preclusion.  "The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered."  *Jiron v. City of Lakewood*, 392 F.3d 410, 415-416 (10th Cir. 2004).  "Under 28 U.S.C. § 1738, the preclusive effect of a state judgment is governed by the rules of preclusion of that state."  *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007).

Under Utah law, "[i]ssue preclusion, which is also known as collateral estoppel, "prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit".  *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 965 (Utah 2008) (citations omitted).  Issue preclusion applies when the following four elements are met:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication, (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

*Id.* (citations omitted).  The court finds that each of these elements is satisfied in this case.

### A.     *Mr. Cook was a party to his criminal case.*

Mr. Cook concedes that he was a party to the criminal proceeding giving rise to his present lawsuit.  Therefore, the court finds that this element of issue preclusion is satisfied.

> **B.**    ***Mr. Cook conceded in his opposition memorandum that the issues in this case are identical to those raised in his Motion to Dismiss/Suppress in his criminal case.***

The Utah Court of Appeals has stated that "[w]hat is critical [in determining identical issues] is whether the issue that was actually litigated in the first suit was essential to resolution of that suit and is the same factual issue as that raised in a second suit." *Zufelt v. Haste, Inc.*, 142 P.3d 594, 597 (Utah Ct. App. 2006) (*quoting Robertson v. Campbell*, 674 P.2d 1226, 1230 (Utah 1983)).  Mr. Cook conceded that the issues he raises in this litigation are identical to the issues he raised in his Motion to Dismiss/Suppress in his underlying criminal case.  In his memorandum in opposition to summary judgment, Mr. Cook acknowledged:

> Plaintiff asserted at the trial court that the search of his vehicle and the seizure of Plaintiff's urine were improper.  Plaintiff asserts the same violations in this suit.

Memo. in Opp., at 50.  Moreover, a review of Mr. Cook's briefing on his Motion to Dismiss/Suppress in the state criminal case, the transcript of the evidentiary hearing the state court held in conjunction with Mr. Cook's Motion to Dismiss/Suppress, and the state court's order on Mr. Cook's Motion to Dismiss/Suppress confirms that the issues Mr. Cook raises in this lawsuit are identical to the issues he litigated in his state criminal case.  Therefore, the court finds that this element of issue preclusion is satisfied.

> **C.**    ***The constitutionality of the search, arrest, and catheterization were fully and fairly litigated in Mr. Cook's criminal case.***

The Utah Court of Appeals has stated "that the competently, fully, and fairly litigated element of issue preclusion stemmed from fundamental due process and requires that litigants have their day in court."  *3D Constr. and Dev., L.L.C. v. Old Standard Life Ins. Co.*, 117 P.3d 1082, 1087 (Utah Ct. App. 2005) (internal quotations omitted).  "For purposes of due process, the parties must receive notice reasonably calculated, under all the circumstances, to apprise

them of the pendency of the action and afford them an opportunity to present their objections."
*Id.* (citations omitted).

The court finds that Mr. Cook fully and fairly litigated the constitutionality of the search, his arrest and his catheterization in his criminal case. He filed a Motion to Dismiss/Suppress based on these issues with the state court and submitted a memorandum in support of his motion. *See* Sixth District Court File, 83-88, Exh. B. The state court conducted an evidentiary hearing on the constitutionality of the vehicle search, Mr. Cook's arrest, and his catheterization. Mr. Cook attended the hearing, but chose not to testify. Mr. Cook's counsel had the opportunity to cross-examine witnesses. Mr. Cook's counsel also had the opportunity to call witnesses, but chose not to do so. Following the presentation of evidence, the court heard argument on Mr. Cook's motion from the state and Mr. Cook's counsel. Only after briefing, receiving evidence, and oral argument did the state court issue a ruling. Based on these facts, this court finds that Mr. Cook had a full and fair opportunity to litigate the issues presented in this lawsuit in his underlying criminal case.

> **D.    *The state court's ruling on Mr. Cook's Motion to Dismiss/Suppress constituted a final judgment on the merits for purposes of issue preclusion.***

"The rules of res judicata are applicable only when a final judgment is rendered." Restatement (Second) of Judgments § 13 (1982). "However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Id.* Based on these principles, the court finds that the state court's June 3, 2009 Order denying Mr. Cook's Motion to Dismiss/Suppress constituted a final order for purposes of issue preclusion.

Mr. Cook contends that the "final judgment" requirement is not satisfied because he entered a plea in abeyance and, after fulfilling the obligations of his plea in abeyance, his criminal case was dismissed.  The court finds that this argument fails for two reasons.  First, the state court's order denying his Motion to Dismiss/Suppress, not the plea in abeyance, constituted the final order for purposes of issue preclusion.  Second, the fact that Mr. Cook's criminal case was ultimately dismissed after he fulfilled the terms of his plea in abeyance does not eliminate the "final judgment" for purposes of issue preclusion.  Comment C to Restatement (Second) of Judgments § 13 addresses this very issue.  It provides, "A judgment concluding an action is not deprived of finality for purposes of res judicata by reason of the fact that it grants or denies continuing relief, that is, requires the defendant, or holds that the defendant may not be required, to perform acts over a period of time."  *Id.*  The state court's order denying Mr. Cook's Motion to Dismiss/Suppress concluded the action regarding the issues presented in Mr. Cook's present § 1983 complaint.  Moreover, Mr. Cook's guilty plea concluded his ability to further contest the issues presented here.  The fact that the state court held his guilty plea in abeyance and that his criminal case was ultimately dismissed after Mr. Cook fulfilled the terms of his plea in abeyance does not deprive the state court's ruling on his Motion to Dismiss/Suppress of finality for purposes of issue preclusion.  Therefore, the court finds that this element of issue preclusion is satisfied.

> ### E.      *The application of issue preclusion serves the underlying purposes of preventing previously litigated issues from being relitigated and preventing inconsistent outcomes.*

The court also finds that the application of issue preclusion in this case serves the purposes underlying the doctrine.  The Utah Supreme Court has ruled that the purposes of issue preclusion include:

> (1) preserving the integrity of the judicial system by preventing inconsistent
> judicial outcomes, (2) promoting judicial economy by preventing previously
> litigated issues from being relitigated; and (3) protecting litigants from harassment
> by vexatious litigation.

*Buckner v. Kennard*, 99 P.3d 842, 847 (Utah 2004).  Applying issue preclusion here will preserve the integrity of the state court proceeding by preventing an outcome in this § 1983 case that is inconsistent with the outcome in Mr. Cook's criminal case, where his Motion to Dismiss/Suppress was denied and he pled guilty to possession of marijuana (his plea was held in abeyance).  Applying issue preclusion here will also promote judicial economy by preventing issues that Mr. Cook previously litigated in his state criminal case from being relitigated. Therefore, the court finds that application of issue preclusion in this case serves the purposes of the doctrine.

The court finds each of the elements of issue preclusion is satisfied. As such, the court finds that Mr. Cook is barred from relitigating the issues raised in his present complaint.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendants Justin Aagard, Chad Huff and Sanpete County's Joinder in Codefendants Stan Anderson and Ephraim City's Motion for Summary Judgment (docket no. 44) is GRANTED.

IT IS FURTHER ORDERED that Defendant Sanpete Valley Hospital's Joinder in Codefendants Stan Anderson and Ephraim City's Motion for Summary Judgment (docket no. 55) is GRANTED.

IT IS FURTHER ORDERED that Defendants Stan Anderson's and Ephraim City's Motion for Summary Judgment (docket no. 35) is GRANTED.

IT IS FURTHER ORDERED that SUMMARY JUDGMENT is ENTERED in favor of Defendants Stan Anderson, Ephraim City, Justin Aagard, Chad Huff, Sanpete County, and Sanpete Valley Hospital on all of Plaintiff Stephan Cook's claims in this case.

IT IS FURTHER ORDERED that Plaintiff's Rule 56(d) Motion for a Continuance on Sanpete Valley Hospital's Motion to Join Defendants Anderson and Ephraim City's Motion for Summary Judgment (docket no. 60) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the clerk of the court close this case.

DATED this 22nd  day of November, 2012.

UNITED STATES DISTRICT COURT

David Nuffer
U.S. District Court Judge